IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAURI ANN BENEDICT,<br>    Petitioner, | Civil Action No. 7:05-cv-00332 |
| v. | MEMORANDUM OPINION |
| BARBARA J. WHEELER,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Lauri Ann Benedict, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner Benedict challenges the validity of her confinement upon the 2003 judgment of the Circuit Court for Alleghany County convicting her of murder and robbery and sentencing her to a total of fifty years in prison Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

In Virginia, a non-death row felon can exhaust his state remedies in one of three ways,

1

depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A state inmate generally has one year in which to file a §2254 petition, starting from the time his conviction becomes final upon exhaustion of direct review proceedings (including certiorari), and the running of this one year period is tolled (or stopped) while a state habeas petition is pending. See 28 U.S.C. §2244(d).

In this case, petitioner clearly indicates that she currently has post-conviction proceedings pending in other courts, namely, a petition for a writ of certiorari before the United States Supreme Court and a habeas corpus petition before the Supreme Court of Virginia. Until these pending proceedings are concluded, the exhaustion requirement is not satisfied, and this court cannot address petitioner's claims under §2254. Therefore, the court will dismiss the petition without prejudice.[1] An appropriate final order will be entered this

---

[1] Petitioner may refile her federal habeas claims in a new petition if she is unsuccessful in obtaining relief through the currently pending proceedings. Petitioner is advised that generally, her one-year filing period under §2244(d)(1)(A) would not begin running until after the United States Supreme Court denies a timely filed petition for a writ of certiorari in conjunction with her direct

2

day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner and to counsel of record for the respondent.

ENTER: This 21st day of June, 2005.

/s/ James C. Turk
Senior United States District Judge

---

appeal proceedings in state court. The statutory period would also be tolled (or stopped) during the pendency of her state habeas petition in the Supreme Court of Virginia. If and when she files a new federal habeas petition, however, she should be sure to make a clear statement of the claims she is raising; her current petition fails to meet this requirement, and the court cannot comb through a pile of attachments to determine what possible claims a petitioner might have.